Julius **HYMAN**, Appellant,

v.

Joseph **REGENSTEIN**, Appellee.

No. 15105.

United States Court of Appeals,
Fifth Circuit.

March 22, 1955.

Rehearing Granted; Judgment Reversed
May 27, 1955.

See 222 F.2d 545.

Claude Pepper, Earl Faircloth, Hilton R. Carr, Jr., Herbert A. Warren, Jr., Neal P. Rutledge, Pepper & Faircloth, Carr & Warren, Miami, Fla., for appellant.

Floyd E. Thompson, Chicago, Ill., Walter Humkey, Miami, Fla., Johnston, Thompson, Raymond & Mayer, Chicago, Ill., Cody Fowler, Fowler, White, Gillen, Yancey & Humkey, Miami, Fla., for appellee.

Before HOLMES, BORAH and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The appellant alleged in his complaint that he and the appellee orally agreed in 1930 to become joint adventurers in the business of exploiting certain inventions covered by patent applications then being filed, but neither he nor any other witness testified to any fact or facts from which it can fairly be inferred that the appellee agreed or intended to enter into a contract creating such relation between the appellee and appellant. The appellant has not cited or referred us to any evidence, and we have found none to support the allegations of his complaint as to the existence of said alleged joint venture.

As the record now stands, we think the testimony of all witnesses to the conversations shows that there was no joint venture agreement, but the question before us is whether the testimony most favorable to the plaintiff presents a genuine issue of fact upon that point. As the record now stands (and all the evidence on this point has been or should have been introduced), no such genuine issue of fact is presented. While it is debatable whether the summary judgment should have been granted for the reasons stated by the court, if the evidence shows, as it does, that no joint adventure ever existed between the appellee personally and the appellant, we have no doubt that the summary judgment should have been entered.

We do not reach the other questions in the case because of the absence of sufficient evidence to establish the basic claim of a joint venture. Not only did the appellant himself fail to give the requisite testimony but the fact that the appellee refused to put any of his personal funds into the venture refutes the inference of an intention on his part to join it. The absence of any testimony of an oral express contract of a joint venture also speaks well for the integrity and credibility of the appellant, but it is fatal to his case.

Upon the considerations stated, the judgment appealed from is affirmed.

Affirmed.

(Judge RUSSELL sat during the oral argument of this case and agreed, in conference, to an affirmance of the judgment, but he died before this opinion was written.)