**Sam C. BALLARD, Appellant,**

v.

**The FIRST NATIONAL BANK OF BIRMINGHAM, a National Banking Association, Appellee.**

**No. 17104.**

United States Court of Appeals
Fifth Circuit.

Oct. 8, 1958.

D. N. Hamilton, Clifford J. Durr, Montgomery, Ala., for appellant.

Lucien D. Gardner, Jr., Birmingham, Ala., Cabaniss & Johnston, Birmingham, Ala., of counsel, for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

The question upon which this appeal will be decided is whether appellant Ballard is estopped to maintain this action by the judgment of a court of Alabama rendered in a suit between the same parties and involving the same subject matter. Appellant sued appellee in this action to recover twice the amount of usurious interest claimed to have been knowingly charged by the Bank in violation of 12 U.S.C.A. §§ 85 and 86 and actually paid by him.

Appellee answered denying the usury, alleging that this action was not brought within two years of its accrual, a condition precedent contained in the statutory action created by said two Code sections, and alleging further that appellant was estopped to maintain this action by a judgment rendered in a suit between the parties by the Circuit Court of Montgomery County, Alabama, and affirmed by the Supreme Court of Alabama.

The subject matter of that suit and this action was an arrangement under which appellant purchased from Baggett Transportation Company and Aluminum Trailer Sales Company a tractor and trailer for a "net time price" of $16,211.-55 including principal and interest, a written instrument nominated "Conditional Sale Contract" being executed by appellant covering said transaction. Appellee Bank became the owner of said indebtedness and contract. We do not find it necessary to decide the exact character of this written instrument.

After appellant had made ten monthly installment payments of $680, he defaulted on the payment due April 30, 1953, the entire balance then remaining due being $9,411.55. May 18, 1953, appellee Bank began, in the Circuit Court of Montgomery County, Alabama, a detinue suit, which is the suit whose judgment is pled by the Bank as *res judicata* of this action. The property appellant had purchased was seized and, upon failure of appellant to take possession of it under Alabama statutes by giving bond, the Bank gave bond and took possession on or about May 26, 1953.

After Ballard's demurrer had been overruled, he pled in that suit, besides the general issue, that:

"1. The instrument upon which the action if [sic] founded is usurious and void for the interest thereon. Said interest has been included in the principal of said instrument in the amount of approximately $1,736.85.

"2. Defendant suggests that plaintiff's claim is based upon a chattel mortgage or conditional sales contract, and therefore prays that the jury be required to ascertain the balance, if any, of the purchase price of the equipment described in the complaint as provided in Title 7, § 929 of the Code of Alabama, as amended."

After an extended hearing the Alabama Circuit Court gave the Bank the affirmative charge without hypothesis upon which the jury returned its verdict; and judgment was entered awarding recovery of the property sued on to the Bank, and ascertaining "the balance of the mortgage debt to be $10,161.55," assessing the value of the property at $11,000, and ordering recovery by the Bank from Ballard of the costs and providing for execution therefor.

Ballard appealed to the Supreme Court of Alabama, which affirmed the judgment of the Circuit Court,[1] this being a portion of the language of its opinion (75 So.2d at pages 486, 487–488):

"The defendant pleaded the general issue, a special plea of usury and made the statutory suggestion under § 929, Title 7, Code of 1940 that the jury ascertain the amount of debt due by the defendant. * * *

"* * * * This contention as to usury could obviously only apply to an ascertainment of the balance of the indebtedness under the contract. According to the stipulations of counsel, as shown by the charge of the court which has been hereinabove referred to, that balance was ascertained to be $10,161.55. There was no exception or objection to the charge of the court. We could well rest our opinion on this stipulation which was recognized by the court but we go on to point out that this is not a case involving usury. The plaintiff bank purchased the conditional sales contract and the indebtedness evidenced thereby. There was no increase in the burden of the maker of the notes. In other words, the bank did not make a loan or advance of money, but merely purchased a negotiable security. Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A.L.R. 1437. The fact that this is a detinue suit resting upon a conditional sale contract and not a suit upon the notes evidencing the indebtedness secured thereby, does not affect the principle

1. Ballard v. First National Bank of Birmingham, 1954, 261 Ala. 594, 75 So.2d 484.

which we have stated. Commercial Credit Co. v. Parks, 215 Ala. 648, 112 So. 237." [2]

Appellee Bank pled in this action and claims that the question of whether the written instrument called for the payment of usurious interest, or whether usurious interest was paid, was a direct issue in that litigation and cannot be re-litigated in this action. We agree.[3] It was Ballard who, by his special pleas in the state suit, put in issue the question whether usurious interest was included in the total amount which he promised to pay in said sales contract. The balance of the debt due was found by the jury to be $10,161.55,[4] which was made up of the unpaid balance of $9,411.55 principal and interest called for by the sales contract, plus attorney's fee of $750.

It is clear, therefore, that the judgment entered by that court upon the jury verdict fixed the balance due at an amount which included the $1,736.85 interest which appellant claimed there and repeats here was usurious. If the court and jury had found merit in Ballard's plea of usurious interest, this amount would have been eliminated. The fixing of the balance, therefore, at an amount which included interest was necessarily an adjudication that the interest was not forfeited because usurious. The importance of this is emphasized by the fact that the judgment of the Alabama Circuit Court gave Ballard the statutory thirty days within which to redeem the property sued for by the payment of $10,161.55. If that court had been convinced that the interest was usurious, the amount fixed in the judgment to be paid by Ballard to redeem the property would have been less by the total of the usurious interest.

The issue being, therefore, squarely presented to the trial court and its judgment having been affirmed by the court of last resort of Alabama under the language quoted supra, said judgment is *res judicata* of the issue of usurious interest, which is the only issue presented by this action.

The efficacy of that judgment as a bar to this action does not depend upon its correctness. This principle was well stated by this Court in Bennett v. Commissioner of Internal Revenue, 5 Cir., 1940, 113 F.2d 837, 840 (citing Reed v. Allen, 1932, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054):

" * * * For, the rule of res judicata does not go on whether the judgment relied on was a right or a wrong decision. It rests on the finality of judgments in the interest of the end of litigation and it requires that the fact or issue adjudicated remain adjudicated. It, in short, is that one, who has permitted a final judgment to go against him, is estopped, by that judgment, from contending elsewhere, against the parties to it and their privies that the fact or issue is otherwise than as there adjudged."

In Rubens v. Ellis, 5 Cir., 1953, 202 F.2d 415, 418, we repeated the same idea in these words: "The doctrine of *res judicata* does not depend upon whether or not the prior judgment was right. It

2. Upon application for rehearing, the Supreme Court stated: "It is unnecessary to label the contract here involved and our opinion is modified to that extent."

3. The court below based its contrary holding on this point upon the case of First National Bank v. Denson, 115 Ala. 650, 22 So. 518. A careful reading of that opinion convinces us that the interest sought to be recovered in the second suit had never been the subject of litigation between the parties to the suit whose judgment was relied upon as the basis for *res judicata*. And cf. McCarthy v. First National Bank of Rapid City, South Dakota, 1912, 223 U.S. 493, 32 S.Ct. 240, 56 L.Ed. 523.

4. This amount was stipulated by counsel for the parties. Appellant argues before us that the stipulation was made for a limited purpose only. But the Alabama trial court stated in its charge to the jury: "It has been stipulated between counsel for the respective parties that the balance of the mortgage debt is $10,161.55 and that the value of the property is $11,000.00."

rests upon the finality of judgments as a matter of public policy, to the end that controversies once decided shall remain in repose."

We went into the matter fully and applied the same principles in support of the doctrine of collateral estoppel by judgment to a case in which a different cause of action was involved, but where "the evidence * * * shows that certain basic issues on which this cause of action depends have been litigated at least once."[5] We quoted copiously from the Restatement of Judgments, and from Freeman on Judgments, and cited many cases and set forth the language of 30 A American Jurisprudence, Judgments, § 371, as stating the general rule:

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different

grounds, or tried on different theories, or instituted for different purposes, and seek different relief. * * * "[6]

A good portion of appellant's argument is devoted to the contention that the judgment of the Alabama Courts is wrong. He argues, for instance, that the Alabama judgments are in conflict with the decisions of this Court in actions brought involving almost identical facts by W. E. Daniel and E. A. Dillard, who were witnesses for appellant in the state court suit.[7] And appellant relies on a number of actions brought under the Clayton and Robinson-Patman Acts, 15 U.S.C.A. § 12 et seq.,[8] which cases we do not consider apposite. Cf. Becher v. Contoure Laboratories, 1922, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752.

The estoppel under discussion is based upon the judgment of the Alabama Circuit Court as bounded and defined by the pleadings and as interpreted and construed by the Supreme Court of Alabama. The pleadings clearly involved the question whether appellee has charged interest in excess of that permitted by the statutes of Alabama, and the judgment resolved that issue and the Supreme Court of Alabama construed the judgment as putting that issue at rest. The adjudication was that the instrument involved in that case and in this one did not include usurious interest. We are bound by that adjudication and, there being no charge of fraud or want of jurisdiction, we cannot consider the record of that case beyond the

---

5. Hyman v. Regenstein, 258 F.2d 502; and see same case 5 Cir., 220 F.2d 347 and 222 F.2d 545.

6. This quotation from American Jurisprudence cites in its support many cases from the Supreme and other United States Courts, as well as cases from forty states including Alabama, Elmore, Quillian & Co. v. Henderson-Mizell Mercantile Co., 179 Ala. 548, 60 So. 820, 43 L.R.A.,N.S., 950. And see also House v. Donnelly, 1913, 7 Ala.App. 267, 61 So. 18. Other phases of the subject are fully discussed in 30 A American Jurisprudence, Judgments, §§ 326–328, 354, 366

and 387. In fact, we do not gather from the several briefs filed that these principles are challenged, but only their application.

7. See Daniel v. First National Bank of Birmingham, 5 Cir., 1956, 227 F.2d 353, rehearing denied 5 Cir., 228 F.2d 803; and see First National Bank of Birmingham v. Daniel, 5 Cir., 1956, 239 F. 2d 801.

8. E. g., Lyons v. Westinghouse Electric Corporation, 2 Cir., 222 F.2d 184, and Lawler v. National Screen Service Corp., 1955, 349 U.S. 322, 75 S.Ct. 865, 99 L. Ed. 1122.

judgment and the pleadings upon which it was rendered. Cf. our decision in O'Boyle v. Bevil, 5 Cir., 259 F.2d 506, and the authorities cited therein and in the concurring opinion.

The basis of appellant's action here is that appellee charged him interest "which was in the total amount of $1,736.95 * * * [which] was, in fact, at a rate in excess of the rate permitted by the laws of the State of Alabama * * *." That is the exact question which was passed upon in the state court suit, the amount claimed in both suits is identical, and appellant's right to recover, under 12 U.S.C.A. §§ 85, 86, the amount of the excess interest charged and the penalty provided is predicated entirely upon his ability to establish facts which were litigated in the state court case.

The court below predicated its denial of any relief to appellant upon its finding that appellant did not institute this action within the two years limitation provided in the statutes which created it.[9] Without rejecting that as a proper ground for the court's action, we prefer to rest our decision on the estoppel question, which we think is clear and indubitable.[10]

Finding the judgment entered by the District Court to be correct, it is

Affirmed.

9. Here is the court's finding: "Here * * * there was a default in payment on March 30, 1953, a seizure of the property in a detinue action on May 18, 1953, and a judgment in the detinue action on October 20, 1953, providing that if the defendant therein paid the ascertained amount of the debt within thirty days thereafter the property would be returned to him. In the Court's opinion, the end of this thirty day period marked the latest date from which the statute began to run. The suit was not filed within two years thereafter."

We are troubled by the fact that appellant, in the state court proceeding, challenged this judgment of October 20 seasonably by a motion to set aside the verdict and judgment and grant a new trial, assigning sixty-six grounds set forth in great detail. The state trial judge continued hearing on said motion until December 3, 1953, and the order concluded with this sentence: " * * * and execution is hereby ordered stayed pending the final disposition of said motion." The motion was overruled December 4, 1953, and this action was begun within two years from that date. We are not holding this ground of the judgment of the lower court to be incorrect, but find the *res judicata* issue to be clearer and without complication.

10. Cf. Helvering v. Lerner Stores Corporation, 1941, 314 U.S. 463, 62 S.Ct. 341, 86 L.Ed. 343; Langnes v. Green, 1930, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; United States v. American Railway Express Co., 1923, 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087; and McLain v. Lance, 5 Cir., 1945, 146 F.2d 341.