262 A.2d 625.

CHESTER W. BEEBE, JR. *vs.* JOHN F. FITZGERALD *et al.*

MARCH 3, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a civil action wherein the plaintiff, a retired member of the Newport Police Department, claims that the amount of the annual pension allowance granted him by the city is erroneous. The case was submitted to a justice of the Superior Court sitting without a jury on an agreed statement of facts. A judgment adverse to the plaintiff was entered in that court, and this appeal followed.

The plaintiff became a regular member of the Newport Police Department on October 15, 1958. At the time of his appointment, plaintiff was designated as a Grade C patrolman. On January 24, 1965, plaintiff, while in the performance of his duties, received injuries which led to his retirement in March 1966. When he retired, plaintiff held the rank of a Grade A patrolman. He was awarded an annual disability pension of $2,000.

The plaintiff maintains that he is entitled to a larger pension than the one he presently receives. The validity of this contention may be determined by a study of the various acts passed by the General Assembly relative to the Newport Police Department's retirement system.

In 1947, the legislature established "The Newport police department pension and retirement system" when it enacted P. L. 1947, chap. 1896. The pension fund was to be made up from monies which might be contributed from time to time by the Newport Police Relief Fund Association, all fees and fines collected by the police department and monies paid into the fund by the regular members of the department. An officer's contribution amounts to 3½ per cent of his annual salary. Section 11 of the act provides that any officer who has completed 25 years of active service and has attained the age of 55 may apply for retirement and a pension. Section 13 sets forth the schedule of pension benefits for those who were placed on the inactive roll pursuant to the terms of sec. 11. The amount of compensation to be paid to such a veteran depends upon the grade or rank he held for at least two years prior to retirement. The schedule states, "A patrolman shall receive twelve hundred ($1200.) dollars a year * * *." Section 15 states that an officer who is retired because of a service-connected disability shall receive an annual pension at a rate set forth in sec. 13. Section 16 provides that if the income from the fund is insufficient to pay the pensions called for in the legislation then, in that case, the city council shall appropriate such funds as are necessary to carry out the purposes of the act. This section makes it clear that the Newport Police Relief Fund is not obligated to make any contribution to the pension fund.

In 1964, the Newport City Council enacted an ordinance which had for its expressed purpose the providing of "* * * benefits to the members of the Newport Police Department in addition to those provided in Chapter 1896 of the Public Laws of Rhode Island (1947) as amended * * *." The ordinance provided for an increase of $250 to the annual pension paid any person who had retired under the 25-year provision of the statute. Subsequently, in 1966, the council adopted another ordinance which gave an additional in-

crease in the pension allowance to be paid to the 25-year retirees.

The plaintiff argues that he is entitled to the additional benefits provided in the ordinances passed by the council. He claims that a study of the enabling legislation shows that the General Assembly in enacting P. L. 1947, chap. 1896, intended that all retirees, whether they be 25-year veterans or officers who because of injuries are forced to submit to an early retirement, were to be treated alike. We cannot agree with plaintiff's contention because he completely overlooks the significance of the General Assembly's action in 1951 and in 1956 when it amended sec. 13 of the enabling act.

When the legislature in 1947 established the Newport police department pension and retirement system, and set forth the amount of compensation to be paid to each classification of police officers, it said the officers "shall receive" the annual pension enumerated therein. Section 13, as enacted, imposed an obligation on the city to pay to *all* retired patrolmen an annual pension of $1,200 regardless of whether the officer was a 25-year veteran or a policeman who had retired because he had received a job-related injury during his first week on the force. However, in 1951[1] when the legislature amended sec. 13, it changed the language of the relevant provision of this section so that it reads as follows:

> "A patrolman shall receive *not less than* twelve hundred ($1200.) dollars a year * * *." (Italics ours.)

The 1956[2] amendment retained the language of the 1951 amendment and increased the minimum amount of a patrolman's annual pension up to $2,000. The 1951 change of language is significant. It is clear that the 1951 amendment deleted the mandatory language contained in the 1947 act

---

[1]P. L. 1951, chap. 2695.

[2]P. L. 1956, chap. 3699.

and vested in the council a discretion it did not formerly possess. The council used the discretion vested in it by the legislature when, in 1964 and 1966, it passed ordinances which increased the pension benefits of those individuals who had retired after satisfying the 25-year-retirement provision of the 1947 act.

The only obligation owed by the city to plaintiff is to pay him the minimum pension set forth in the statute, to wit, $2,000 a year. This the city has done. There is nothing in the enabling act which precludes the city from increasing the benefits payable to 25-year veterans so long as Newport continues to satisfy the minimum pension payable to the permanently disabled policemen.

The plaintiff in a last-gasp effort to receive a pension equivalent to that being paid to those men who qualify under the 25-year provision of the statute alleges that the council's action is invalid because it is discriminatory. However, we can find no legal basis to substantiate plaintiff's charge. As we pointed out in Berberian v. Lussier, 87 R. I. 226, 139 A.2d 869, the equal protection clause of the Federal Constitution, while guaranteeing an equality of treatment to all similarly situated, permits a classification which is reasonable and not arbitrary, and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purposes sought to be achieved by the legislation under scrutiny. Equal protection does not require that all persons be dealt with identically. It does, however, require that the distinction drawn have some relevance for which the classification is made. Baxstrom v. Herold, 383 U. S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620.

Here it is obvious that the council, when it increased the pension allowance for the 25-year veterans, had embarked on a plan aimed at the retention in the public service of persons well experienced in the ways of police work. The

pension increase awarded to this group of policemen was a proper inducement made by the city keeping in mind the council's goal of having all present and future policemen remain on a job which is so steeped with the public interest. In making the charge that he did, it was the plaintiff's burden to establish that the distinction made by the city between its two classes of police retirees had no reasonable basis and was completely arbitrary. *Imperial Car Rental Corp.* v. *Lussier,* 97 R. I. 168, 196 A.2d 728. This he has utterly failed to do.

The plaintiff's appeal is denied and dismissed.

*Ralph D. Morrison,* for plaintiff.

*Joseph M. Hall,* Assistant City Solicitor, for defendants.