PARDON C. BURDICK *vs.* SILAS R. RICHMOND, Town Treasurer of the Town of Hopkinton.

The notice to the town council required by Pub. Stat. R. I. cap. 34, § 12, before bringing an action against the town, is sufficient, in case of a claim for unliquidated damages, if it states the facts from which the claim arises, though it does not state the amount of the claim.

TRESPASS ON THE CASE. On demurrer to the plea.

This action was brought to recover damages for an injury al-

leged to have been caused by a defect in a highway. The defendant's third plea was *actio non*, because the only notice of claim served on the town council, under Pub. Stat. R. I. cap. 34, § 12, was as follows : the plea then recited the notice, which described the accident and the plaintiff's injuries in detail, and closed with " he hereby claims and demands of said town of Hopkinton damages as some compensation for the injuries received and the suffering and pain endured by him, and his loss of time, as the results of the above named accident. Without waiving any of his rights as to the amount of damages to be claimed by him in case he is compelled to resort to legal proceedings for the prosecution of his claim, he hereby offers to compromise and settle his said claim for the sum of seven hundred dollars, provided the same shall be paid within thirty days from the date hereof.

" PARDON S. BURDICK.

" HOPKINTON, November 1, 1888."

To this plea the plaintiff demurred.

*Providence, March* 16, 1889. MATTESON, J. The question presented by the defendant's third plea, and the demurrer thereto, is, the sufficiency of the written notice of the plaintiff's claim set forth in the plea as having been presented to the town council.

Pub. Stat. R. I. cap. 34, § 12, is as follows : " Every person who shall have any money due him from any town, or any claim or demand against any town for any matter, cause, or thing whatsoever, shall take the following method to obtain the same, to wit : Such person shall present to the town council of the town, and to the city council of the city, a particular account of his claim, debt, damages, or demand, and how incurred or contracted ; which being done, in case just and due satisfaction is not made by the town treasurer of such town within forty days after the presentment of such claim, debt, damages, or demand aforesaid, such person may commence his action against the town treasurer for the recovery of the same."

We think the notice was a sufficient compliance with the statute. The objection urged against it by the defendant is, that it contains no statement of the amount of the plaintiff's claim for damages, except that in it the plaintiff offers by way of compromise to settle the claim for seven hundred dollars, in case that

sum should be paid him without suit, and within thirty days from the date of the notice.  We do not think, however, that in a case like the present, in which the damages are unliquidated, and therefore incapable of ascertainment by calculation, it is necessary that any amount should be stated.  The manifest purpose of the statute is to enable the town council to investigate the claim, and to afford them an opportunity to settle it without subjecting the town to the expense of a suit.  If, therefore, the facts upon which the claim arises are set forth in the notice with sufficient fulness and particularity to enable the town council to make such investigation, the purpose of the statute is answered.  The town council, being possessed of a knowledge of the facts, can form a judgment as to the amount of the damages as well as the claimant, and can then either pay or tender to him that amount within the forty days after the presentment of the claim specified in the statute before suit can be brought.

The plea is overruled and the demurrer thereto sustained.

*Ziba O. Slocum,* for plaintiff.

*Albert B. Crafts,* for defendant.