SIMON W. SIMMONS *vs.* JAMES DAVIS, Town Treasurer of the Town of Johnston.

Mandamus will not lie against the treasurer of a municipal corporation to compel the payment of a claim of which the validity is disputed.

A town council allowed a claim and the town clerk drew an order on the town treasurer. The treasurer disputed the validity of the claim and it appeared that the claimant had an action at law pending to enforce its payment.

*Held,* that a writ of mandamus should not issue against the treasurer to compel him to pay the order.

PETITION for a writ of Mandamus.

*November* 4, 1892.  PER CURIAM.  In response to the order of the court to show cause why a writ of mandamus should not issue, in accordance with the prayer of the petition, the respondent makes answer under oath, in which he admits that the petitioner presented to the town council of the town of Johnston, a certain account, for a quantity of stone, alleged to have been sold and delivered to said town by him, and that said council, on the 11th day of February, 1892, allowed the same and ordered it paid; and also that the town clerk of said town, drew an order on the town treasurer, in favor of the said petitioner, for the sum of one hundred dollars, the same being the amount of said claim, which order he presented to said town treasurer, and that the latter refused to pay, and has not paid said order.  But he denies that at the time of the allowance of said account, and the granting of said order, the said town was indebted to said petitioner in said sum of one hundred dollars, and avers that said town council erred in approving said claim, and that he is ready to maintain and prove that said town was not at

said time, and is not now indebted to said petitioner in said sum of one hundred dollars, or in any other sum; that said claim is fraudulent, and that said petitioner did not sell said stone to said town as claimed by him.

The answer further sets up that June 7, 1892, the petitioner brought a suit at law against said town, for the purpose of recovering the amount of his said claim, and that said suit is now pending in the Court of Common Pleas in this county.

The respondent has also presented the affidavit of Paris Mathewson, one of the committee in charge of the building of the bridge in which said stone was used, to the effect that the petitioner told said committee that the stone for which said claim is now made could be taken from his lot for the purpose of building said bridge, and that he would make no charge therefor. Said affidavit also sets out, that no such quantity of stone as claimed by said petitioner, and allowed to him by said town council, was in fact taken from his lot.

The petitioner, on the other hand, has filed several affidavits in support of the validity of his said claim and in denial of the said answer of the respondent, and of the affidavit produced by him.

The case as it now stands, therefore, is one in which the petitioner on the one hand, holds an order on the town treasurer for payment, in the sum of one hundred dollars, which the petitioner contends, and offers proof to show, is justly due and owing to him, while on the other hand the respondent contends and offers proof to show, that said order was erroneously issued, that said claim is fraudulent, and that said town is not indebted to the petitioner in any sum whatsoever. In other words, there is a dispute between the petitioner and the respondent as to the validity of the claim in question, and as to the liability of the town to pay the same. This being so, we think the petitioner should be left to his action at law to substantiate his claim. For it is only in a clear case of indebtedness on the part of a municipal corporation, that the court will compel payment by writ of mandamus. Nor will the court in such a proceeding attempt to

decide as to the validity of a disputed claim.   See *Portland Stone Ware Co.,* v. *Taylor,* 17 R. I. 33.

*Petition denied and dismissed.*

*Edmund S. Hopkins,* for petitioner.
*Herbert B. Wood & William Fitch,* for respondent.