JOSEPH O. VALCOURT, Administrator, *vs.* THE CITY OF PROVIDENCE.

Claims against municipal corporations can be prosecuted at law in Rhode Island only by action against the town treasurer or city treasurer after presenting an account to the town council or the city council. Pub. Stat. R. I. cap. 34, § 12.

TRESPASS ON THE CASE. On demurrer to a plea in abatement.

*January* 21, 1893. TILLINGHAST, J. The defendant has pleaded in abatement to the plaintiff's writ and declaration, that the action should have been brought against Daniel L. D. Granger, city treasurer of the city of Providence, and not against said city in its corporate name.

The plaintiff has demurred to said plea, and in support thereof relies upon Pub. Stat. R. I. cap. 34, § 1, which provides as follows:

" The inhabitants of every town shall continue to be a body corporate, and may in their corporate name, sue and be sued, prosecute and defend, in any court and elsewhere."

Sections 12, 13, 14, of said chapter are as follows:

" SECT. 12. Every person who shall have any money due him from any town or any claim or demand against any town for any matter, cause or thing whatsoever, shall take the following method to obtain the same, to wit: Such person shall present to the town council of the town, and to the city council of the city, a particular account of his claim, debt, damages or demand, and how incurred or contracted; which being done, in case just and due satisfaction is not made to him by the town treasurer of such town within forty days after the presentment of such claim, debt, damages or de-

mand aforesaid, such person may commence his action against the town treasurer for the recovery of the same.

"Sec. 13.   On judgment being obtained for such debt, damages or demand, in case the town treasurer shall not have sufficient of the town's money in his hands to satisfy and pay the judgment obtained and the charges expended in defending such suit, the town treasurer shall make application to any justice of the peace in the town, and thereupon the justice shall grant a warrant to the town sergeant of such town, requiring him to warn the electors of the town to hold a town meeting, at such time and place as shall be appointed, for the speedy ordering and making a tax, to be collected for the reimbursement of the town treasurer.

"Sec. 14.   In case such town, upon due warning given them, shall not take due and effectual care to reimburse, pay or satisfy the town treasurer the money, costs and charges by him expended or recovered against him, upon information or complaint thereof by him or by the person recovering the judgment named in section thirteen of this chapter, made to the supreme court at any subsequent term thereof, setting forth the facts, such court may order the assessors of said town to assess upon the ratable property thereof, and the collector to collect, a tax sufficient for the payment of said judgment, with all incidental costs and charges, and the expense of assessing and collecting such tax."

The plaintiff contends that, under said provisions of the statute, he has his election to bring his action, either against said city, in its corporate name, or against the city treasurer thereof.

We do not think this is so.   Said sections are all *in pari materiâ*, and must therefore be construed together.   When thus construed they provide but one remedy by which claims against municipal corporations may be prosecuted, and this remedy is very minutely and fully pointed out.   The language of § 12 is very clear and admits of but one interpretation.   It provides that "Every person who shall have any money due him from any town, or any claim or demand against any town for any matter, cause or thing whatsoever, *shall* take

the following method to obtain the same," &c.    If the plaintiff's contention is correct, this section may be entirely ignored and rendered of no effect whatsoever. He might commence his action without first presenting his claim to the city council. The first notice which the city would then have thereof would be the service of the writ. This would not give the opportunity which the statute contemplates for the council to consider and satisfy said claim, if found to be just, without the city being put to the expense of a suit at law. *Burdick* v. *Richmond,* 16 R. I. 502, 504.

The plaintiff in the case at bar has recognized the necessity of giving the notice required by said section, but has disregarded that part of the same section which provides that the action shall be brought against the city treasurer. It is evident, however, that the latter provision is as mandatory as the former, and that if one part may be disregarded, the whole may be ignored. We think it was manifestly the intention of the legislature in the passage of said provisions of the statute, to recognize, *first,* the general liability of towns and cities to be sued, as indicated in said § 1; and *second,* to prescribe the particular manner in which suits of this class against such corporations should be prosecuted to final judgment and satisfaction. And having provided a particular mode by which full redress may be obtained, all other modes are impliedly excluded, under the maxim, "*Expressio unius est exclusio alterius.*"

Moreover, we find upon examination, that the question now before us was passed upon by this court in the unreported case of *Caroline C. Windsor* v. *City of Providence,* brought at its March Term, 1877.

The plaintiff in that case brought her action against said city in its corporate name, whereupon the question was raised as to whether the action was rightly brought; and, the Chief Justice announcing the opinion of the court, it was held, "that the action should have been brought against the city treasurer, and not the city itself."

The uniform practice at the bar, with the exception of that

case and the one now before us, has been, so far as we are aware, in conformity with said decision.

The plaintiff's demurrer to the defendant's plea in abatement is overruled, and said plea is sustained.

*John E. Goldsworthy*, for plaintiff.

*Francis Colwell*, City Solicitor, for defendant.