**Raymond DEPAULT**

v.

**Claudette A. PAINE.**

No. 85–345–A.

Supreme Court of Rhode Island.

June 17, 1987.

George M. Prescott, Oster, Groff & Prescott, Lincoln, for plaintiff.

Joseph T. Little, Little, Little & McDonald, East Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal by the director of finance of the town of Lincoln from a judgment entered in Superior Court pursuant to a complaint for mandamus ordering the defendant, Claudette A. Paine, to pay the plaintiff the sum of $8,400. We affirm. The facts in the case are as follows.

The plaintiff, Raymond Depault (Depault), was formerly employed by the town of Lincoln as highway superintendent. After leaving his employment with the town, he submitted a claim to the town council for accumulated sick leave, overtime pay, and longevity pay. This claim totaled $12,-710. The claim was considered by the town council, and on July 24, 1984, the council approved a payment in the amount of $8,400 in settlement of the Depault claim. In approving this proposed settlement, the council was acting pursuant to the provisions of G.L. 1956 (1980 Reenactment) § 45–15–5, which provides as follows.

"Every person who shall have any money due him from any town or city, or any claim or demand against any town or city, for any matter, cause or thing whatsoever, shall take the following method to obtain the same, to wit: Such person shall present to the town council of the town, or to the city council of the city, a particular account of his claim, debt, damages or demand, and how incurred or contracted; which being done, in case just and due satisfaction is not made him by the town or city treasurer of such town or city within forty (40) days after the presentment of such claim, debt, damages or demand aforesaid, such person may commence his action against such treasurer for the recovery of the same."

However, the finance director of the town declined to pay the amount awarded by the council upon the instructions of the town administrator, who was apparently of the opinion that Depault was not entitled to the amount which he claimed. After learning that the finance director (whose duties included those normally exercised by a town treasurer) would not honor the council's order of payment, Depault filed an action in the Superior Court seeking relief by complaint for mandamus, alleging that the finance director was required as a ministerial officer to pay the amount as ordered by the council. A Superior Court justice entered judgment for mandamus pursuant to the complaint and this appeal ensued.

The defendant argues in support of her appeal that her refusal to make payment was based upon the fact that this is a disputed claim and that the amount ordered to be paid by the town council was not justified on the basis of an examination of Depault's employment record in light of the ordinances in force at that time in the town of Lincoln. She further relies upon two opinions rendered by this court that indicated that mandamus would not lie in a situation in which a town treasurer declined to pay a claim that had been authorized by a town council. *Foster v. Angell*, 19 R.I. 285, 33 A. 406 (1895); *Simmons v. Davis*, 18 R.I. 46, 25 A. 691 (1892).

It is also of note that in the case of *Burdick v. Richmond*, 16 R.I. 502, 17 A. 917 (1889), this court, in interpreting Pub. Stat. 1882, ch. 34, § 12, which was the precursor of § 45–15–5 and was for all practical purposes identical in substance, pointed out that the purpose of this statute "is to enable the town council to investigate the claim, and to afford them an opportunity to settle it without subjecting the town to the expense of a suit." *Id.* at 504, 17 A. at 918. It is true that *Burdick* involved a tort claim for a defect in a highway. The defendant concedes that if this were a tort claim, the determination by the town council that the claim should be settled is final and would not be subject to disagreement or oversight by the finance director or the town treasurer.

We are of the opinion that the wording of the statute presently in force is clear and unequivocal. Any claim for money must be presented to the town council or city council, as the case may be. The council is then authorized to determine whether any payment shall be made and whether such payment shall be in full or in part by way of compromise. There is no indication in the statute that the council's judgment should be reviewed or overseen by administrative officers. We see no distinction based on principle between a claim for compensation arising out of a contract or a claim for damages arising out of tortious conduct.

In *Simmons v. Davis*, the court held that a contract claim that was considered fraudulent by the town treasurer could not be considered on mandamus because the claim was disputed. With all due respect to our predecessors, we believe that the question is not whether a claim is disputed but rather who has standing to assert or resolve the dispute.

Certainly since 1882 the responsibility to determine whether a claim should be paid or not paid has been placed by the Legislature upon the town council. When the town council determines that a claim should be paid, the town treasurer or the town administrator or other administrative

officers have no standing to assert a dispute about the appropriateness of the claim. The town council may consider whether a claim should be litigated or whether it should be paid. Naturally in the exercise of this discretion, it is possible that the council may be in error.

However, when any responsibility is placed in a legislative body, a chance always exists that an error of judgment may be committed. Nevertheless, there is no more likelihood over time that a town council will make an erroneous judgment than town treasurers or town administrators. Consequently, when a town council has voted to compromise or pay a claim, the town treasurer has a ministerial duty to pay the same. It should be noted that in *Simmons v. Davis* a claim of actual fraud was raised by the town treasurer. No such claim is made in the instant case. Determinations of amounts due and owing under contracts of employment are frequently disputed. In many instances confident positions taken by city or town officials have not been sustained after litigation or arbitration. Therefore, it is the function of the town council to take all factors, including the uncertainties and expense of litigation, into account when determining whether or to what extent a compromise should be made. The council in this case has performed its function, and it is the duty of the finance director to honor the order for payment. To the extent that *Simmons v. Davis* is inconsistent with this determination, it is no longer controlling, save in the instance of a claim of actual fraud, which the council upon due notification has refused to address or consider.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.

FAY, C.J., did not participate.