Joseph SCOLARDI et al.

v.

**CITY OF PROVIDENCE et al.**

No. 98–535–Appeal.

Supreme Court of Rhode Island.

May 19, 2000.

Lauren E. Jones, Providence, for Plaintiff.

Richard G. Riendeau, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on April 5, 2000, on the appeal of the plaintiff, Joseph Scolardi (plaintiff or Scolardi), from a Superior Court judgment in favor of the defendants, the City of Providence, Charles Mansolillo (Mansolillo) in his capacity as Providence city solicitor, Stephen T. Napolitano (Napolitano) in his capacity as Providence city treasurer, and Joseph Chiodo (Chiodo) in his capacity as Providence city controller (collectively defendants). We directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, we shall decide the case at this time.

### Facts and Procedural History

On November 25, 1997, the Retirement Board of the Employees' Retirement System of the City of Providence (the board) approved an accidental disability retirement pension for Scolardi based upon a health condition that Scolardi claimed was caused during his employment as a firefighter for the city. However, the next day, Mansolillo drafted a letter to Chiodo in which he wrote,

"Upon review of Mr. Scolardi's retirement application and medical examinations pertaining thereto, and the board records, it is clear that the current evi-

dence does not support the decision of the Board. Therefore, I am compelled to inform you that you are proscribed by Section 813(b)(4) of the Providence Home Rule Charter from approving any payment to Mr. Scolardi pursuant to the action of the Retirement Board."

Accordingly, no payments pursuant to the board's decision were made to Scolardi.

On December 24, 1997, Scolardi filed a complaint with the Superior Court[1] in which he argued that the city had exceeded its authority by failing to implement the decision of the board. He sought declaratory and injunctive relief and a writ of mandamus requiring the city to immediately begin paying to Scolardi the benefits that had been approved by the board. On May 14, 1998, a justice of the Superior Court made a bench decision in which he held that Scolardi's condition was "accidental" pursuant to a presumption created by a city ordinance. Thereafter, it was brought to the trial justice's attention that the ordinance had been amended and the presumption upon which he relied had been repealed. The trial justice thereupon reversed his decision of May 14, finding that Scolardi had not proven that his injuries were the accidental result of his employment as a firefighter for the City of Providence. Scolardi has appealed.

## Discussion

Before this Court, Scolardi argued that neither the city solicitor nor the city controller has the power to review decisions of the board; the proper avenue for review of such decisions, he argued, is by way of a petition for certiorari pursuant to Rule 13 of the Supreme Court Rules of Appellate Procedure. In response, defendants argued that the controller's review of retirement benefit awards provides the city with a system of checks and balances that acts to prevent illegal payments, and is autho-

rized under section 813(b)(4) of the Providence Home Rule Charter, whereby the city controller is empowered "[t]o audit before payment of all bills, invoices, payroll and other claims, demands or charges against the city, and approve the same only if proper, legal and correct."

In a similar case, *Depault v. Paine*, 526 A.2d 858 (R.I.1987), the finance director for the Town of Lincoln, upon the instruction of the town administrator, declined to pay a former town employee a settlement that had been approved by the town council. The employee filed an action in Superior Court seeking relief by complaint for mandamus in which he alleged that the finance director was required as a ministerial officer to pay the amount as ordered by the council. The Superior Court agreed and issued the writ of mandamus ordering the finance director to pay the benefits. On the appeal of the finance director, we held that "[w]hen the town council determines that a claim should be paid, the town treasurer or the town administrator or other administrative officers have no standing to assert a dispute about the appropriateness of the claim." *Id.* at 859–60.

 In *Depault*, we recognized that "when any responsibility is placed in a legislative body, a chance always exists that an error of judgment may be committed." *Id.* at 860. We hasten to add that the actions of the retirement board in this case are not immune from review. In this case, the decision of the board was not appealed by either party; it was merely disregarded by the controller, at the solicitor's direction. The plaintiff filed suit in Superior Court seeking to order defendants to release the payments that had been authorized by the board. Rather than issue the writ, the trial justice essentially conducted a review of the board's

1. Scolardi was joined by the board in the complaint against defendants. The Superior Court granted defendants' motion for summary judgment against the board on May 14, 1998. There was also a companion case in which judgment entered against the plaintiff, another dissatisfied retiree, on the same date. Neither the board nor the companion plaintiff have pursued an appeal.

decision, finding that based upon the evidence presented, plaintiff was not entitled to the benefits that had been awarded by the board. The trial justice was without authority to conduct the *de novo* review. In the absence of specific statutory delineation of a particular forum for relief, a party must resort to this Court by way of common law certiorari. Therefore, the trial justice was without jurisdiction to review the decision of the board.

For the foregoing reasons, the plaintiff's appeal is sustained and the judgment of the Superior Court is vacated. We remand the case to the Superior Court with direction to issue the writ of mandamus, unless a stay should be granted for the city to seek review in this Court by filing a petition for certiorari.