Domingo **GONCALVES**

v.

**NMU PENSION TRUST.**

No. 2002–10–Appeal.

Supreme Court of Rhode Island.

March 14, 2003.

Richard G. Riendeau, Providence, for Plaintiff.

Matthew F. Medeiros, Providence for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case concerns the calculation of a retired employee's benefits under a pension plan governed by the federal Employee Retirement Income Security Act of 1974 (ERISA). The plaintiff, Domingo Goncalves, appeals a grant of summary judgment in favor of the defendant, NMU Pension Trust. The plaintiff contends that a Superior Court motion justice erred in granting summary judgment because the

issue of whether the plan's trustees reasonably interpreted the pension plan presented a disputed question of material fact. Because Goncalves's action fell under 29 U.S.C. § 1132(a)(1)(B), state courts possess concurrent jurisdiction with the federal courts to hear and decide cases such as this one under 29 U.S.C. § 1132(e)(1).[1]

The facts in this case are largely undisputed, but the parties espouse different interpretations of how defendant should have calculated plaintiff's benefits under the pension plan. In August 1989, plaintiff was injured in a shipboard accident when he was fifty-six years old. After the injury he received temporary disability benefits from the State of California for one year until he retired in August 1990, at the age of fifty-seven. Beginning in August 1990, plaintiff began receiving a retirement pension of $400 per month as a member of the National Maritime Union (NMU). In 1998, plaintiff asked defendant, pension-plan administrator, NMU Pension Trust, to clarify and confirm the accuracy of his pension benefits. The defendant responded in October 1998, confirming that it had properly calculated plaintiff's pension benefits. Thereafter, plaintiff filed this declaratory-judgment action.

While this action was pending in the Superior Court, plaintiff sought a formal administrative hearing before the trustees of the pension plan. The hearing before the trustees took place in November 2000. In a letter dated December 8, 2000, the trustees denied plaintiff's request to recalculate his pension benefits. The trustees affirmed the administrator's decision and explained that the administrator had properly applied the plan's provisions in calculating plaintiff's pension. In addition, the trustees said that plaintiff was not entitled to a lump-sum amount because he retired before he reached the age of sixty-five. Thereafter, defendant moved for summary judgment in the Superior Court action. Both parties agreed that plaintiff had accumulated approximately thirty-four pension credits in his working career. Under the plan, employees earned one pension credit for each calendar year of employment. Both parties agree that, under § 3.20 of the pension plan, plaintiff was entitled to a base pension of $375 per month based on twenty-five credits multiplied by $15 per month. The parties differed on how to calculate the bonus enhancements to the base monthly pension amount.

In a written decision, the motion justice granted defendant's motion for summary judgment. He decided that, pursuant to the standard of review for a federally governed pension plan under 29 U.S.C. § 1132(a)(1)(B),[2] the law required him to uphold the trustees' interpretation of the plan unless it was "arbitrary and capricious," consistent with the standard of re-

---

**1.** 29 U.S.C. § 1132(e)(1) provides, in pertinent part:

"(e) **Jurisdiction.**

(1) Except for actions under subsection (a)(1)(B) of this section [29 U.S.C. § 1132], the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) * * *. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of

actions under paragraph[](1)(B) * * * of subsection (a) of this section."

**2.** 29 U.S.C. § 1132(a)(1)(B) provides, in pertinent part:

"(a) **Persons empowered to bring a civil action.** A civil action may be brought—
(1) by a participant or beneficiary—
* * *

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]"

view established by the United States Supreme Court in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (*Firestone* ). The motion justice ruled that, as a matter of law, the trustees' interpretation was reasonable.

On appeal, plaintiff argues that the motion justice resolved a genuine issue of material fact when he determined that the trustees' interpretation of the pension plan was a reasonable one. Therefore, he contends, summary judgment was inappropriate. The plaintiff also challenges the administrator's pension-plan calculations, which the trustees affirmed, by proposing a different method than the one used by the plan administrator to calculate his pension benefits. The defendant responds that the motion justice ruled as a matter of law when he determined that the trustees' interpretation was reasonable. The defendant maintains that the motion justice correctly employed the "arbitrary and capricious" review standard in making his decision. It suggests that summary judgment was appropriate because the trustees' interpretation of the plan was reasonable as a matter of law. A single justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. Because neither party has done so, we shall resolve the appeal at this time.

We review the granting of a motion for summary judgment on a *de novo* basis, applying the same criteria that the trial court must use. *Rubery v. The Downing Corp.,* 760 A.2d 945, 946 (R.I.2000) (per curiam) (citing *Carlson v. Town of Smithfield,* 723 A.2d 1129, 1131 (R.I.1999) (per curiam)). When it appears from a review of the evidence, viewed in the light most favorable to the nonmoving party, that no genuine issue of material fact existed and that the moving party was entitled to judg-

ment as a matter of law, this Court will affirm the grant of a summary judgment. *Johnson v. Newport County Chapter for Retarded Citizens, Inc.,* 799 A.2d 289, 291 (R.I.2002).

Here, the underlying facts pertaining to plaintiff's alleged injury and his application for a recalculation of his pension benefits were not in dispute. Rather, the disagreement between the parties hinged on contrary legal interpretations of the applicable pension-plan provisions. Principles of trust law guide courts when they determine what standard of review is appropriate for actions such as this one that are brought under ERISA. *See Firestone,* 489 U.S. at 111, 109 S.Ct. at 954, 103 L.Ed.2d at 92. Pursuant to *Firestone,* courts review a pension administrator's interpretation of a pension plan that is governed by federal law under an arbitrary-and-capricious standard—provided the plan accords the administrator discretionary authority to determine benefit-related questions; if not, the court should apply a *de novo* standard of review. *Id.* at 115, 109 S.Ct. at 956–57, 103 L.Ed.2d at 95; *see Mullaney v. Aetna U.S. Healthcare,* 103 F.Supp.2d 486, 490 (D.R.I.2000); *Coleman v. Metropolitan Life Insurance Co.,* 919 F.Supp. 573, 580 (D.R.I.1996); *cf. Canario v. Culhane,* 752 A.2d 476, 479 (R.I.2000) (holding that the Superior Court correctly applied an arbitrary and capricious standard of review to an administrator's denial of a disability pension to a police officer). If a plan grants discretionary authority for a plan administrator to interpret the terms of the plan and to apply them to specific cases, then the administrator's powers include the ability to make appropriate factual findings. *Doyle v. Paul Revere Life Insurance Co.,* 144 F.3d 181, 185 (1st Cir. 1998).

Use of the arbitrary and capricious standard means that reviewing

courts will uphold administrative decisions interpreting the plan as long as the administrative interpreters have acted within their authority to make such decisions and their decisions were rational, logical, and supported by substantial evidence. *Doyle,* 144 F.3d at 184; see *Coleman,* 919 F.Supp. at 581 (explaining that the outcome is neither arbitrary nor capricious "[w]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome"). "Substantial evidence * * * means evidence *reasonably* sufficient to support a conclusion." *Doyle,* 144 F.3d at 184. If a plan vests discretion in an administrator, then "it is up to the administrator, not judges, to choose between reasonable alternatives." *Coleman,* 919 F.Supp. at 582. (Emphasis in original.) In deciding whether an administrator's interpretation of a plan was reasonable, it is irrelevant whether a reviewing court agrees with the administrator's interpretation or whether an employee offers another reasonable interpretation. *Canis v. Coca–Cola Enterprises, Inc.,* 49 F.Supp.2d 73, 82 (D.R.I.1999). But a reviewing court neither should substitute its own judgment for that of the administrator, nor disturb an administrator's interpretation of a plan so long as it was reasonable.[3] *Terry v.*

*Bayer Corp.,* 145 F.3d 28, 40 (1st Cir.1998); *see, e.g., Pari–Fasano v. ITT Hartford Life and Accident Insurance Co.,* 230 F.3d 415, 419 (1st Cir.2000). "When trustees [or administrators] are in existence * * * a court * * * will not interfere to control them in the exercise of a discretion vested in them by the instrument under which they act"—unless it is to prevent them from abusing their discretion. *Firestone,* 489 U.S. at 111, 109 S.Ct. at 954, 103 L.Ed.2d at 93 (quoting *Nichols v. Eaton,* 91 U.S. 716, 724–25, 23 L.Ed. 254, 256 (1875)). (Emphasis in original.) The administrators' determination need only be "rational" and "reasonable with no abuse of discretion." *Coleman,* 919 F.Supp. at 581.

 In this case, we hold, the motion justice correctly employed the arbitrary-and-capricious standard of review because the pension plan also provided in section 18.30 that the trustees were to be "the sole judge * * * [of] the application and interpretation of this Plan." The arbitrary-and-capricious standard of review applies when, as here, the administrators have been granted broad discretionary power to interpret the substantive provisions of the

---

**3.** As one commentator has observed:

"The touchstone of arbitrary and capricious conduct is unreasonableness. When reviewing a determination under the arbitrary and capricious standard, the court's inquiry is not into whose interpretation of plan documents is most persuasive, but into whether the plan administrator's interpretation is unreasonable. *Winters v. Costco Wholesale Corp.,* 49 F.3d 550 (9th Cir.1995). Further, when reviewing a decision made under the arbitrary and capricious standard, the court's role is limited to determining whether determinations were made rationally and in good faith—not whether they were right. *Guy v. Southeastern Iron Workers' Welfare Fund,* 877 F.2d 37 (11th Cir.1989). 'A legally incorrect interpretation does not automatically signal an abuse

of discretion.' *Duhon v. Texaco, Inc.,* 15 F.3d 1302, 1311 (5th Cir.1994) (Johnson, J., dissenting). 'The administrator's decision need not be the only logical one nor even the best one. It need only be sufficiently supported by facts within their knowledge to counter a claim that it was arbitrary and capricious.' *Woolsey v. Marion Lab., Inc.,* 934 F.2d 1452, 1460 (10th Cir.1991); *see also * * * Donato v. Metropolitan Life Ins. Co.,* 19 F.3d 375, 380 (7th Cir.1994) (a decision is not arbitrary and capricious simply because the 'decision simply came down to a permissible choice between the position of [the decision maker's] independent consultants, and the position of [the claimant's physicians]')." John F. Buckley, *ERISA Law Answer Book,* Q21:31 at 21–32–33 (4th ed.2003).

plan, even though the plan does not explicitly use the word "discretion." *See Lakey v. Remington Arms Co.*, 874 F.2d 541, 544 (8th Cir.1989).

ERISA does not expressly indicate whether pensioners who invoke judicial review of an administrator's pension ruling possess a right to a jury trial on the propriety of that determination. *Turner v. Fallon Community Health Plan, Inc.*, 953 F.Supp. 419, 422 (D.Mass.1997). Yet, in general, courts have held that juries have no role in the disposition of ERISA claims because the rationality of the administrator's interpretation of the plan is deemed to be a question of law. *See* Lee T. Polk, *ERISA Practice & Litigation* § 11:73 at 493–94 (2002). Thus, the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuit Courts of Appeal have found that actions by individuals who seek benefits under ERISA are not to be tried before a jury. *Id.* "In an ERISA benefit denial case, trial is usually not an option * * *. * * * No jury is involved." *Leahy v. Raytheon Co.*, 315 F.3d 11, 17–18 (1st Cir. 2002); *see also Recupero v. New England Telephone and Telegraph Co.*, 118 F.3d 820, 831 (1st Cir.1997); *Canis*, 49 F.Supp.2d at 79–80 n. 3 (explaining that a plaintiff is not entitled to a jury trial in an ERISA case). Based on the above cases and our own analysis of the statute, we hold that judicial review of the discretionary authority provided to administrators to interpret a pension plan governed by ERISA presents a legal question in which the reviewing court is limited to ascertaining whether the plan administrator and/or the trustees have accorded the plan's provisions a reasonable and rational reading.

In sum, we are of the opinion that the motion justice did not err in determining that the challenged interpretation of the plan was reasonable. Section 3.20(B)

of the plan clearly allowed the application of "up to 25 Pension Credits"—with $15 per month being assessed for each credit—for all Category II employees such as the plaintiff. This would give the plaintiff a basic monthly pension payment of $375. The plan also stated in § 5.80:

> "If the disability pensioner has more than 20 Pension Credits at the time the disability commences, the amount of the Disability Pension shall be the amount of a Regular Pension that would have been payable had the disability pensioner been at least 55 years of age and computed in accordance with Section 3.20 * * *."

Section 3.20(E) provided that a pensioner was entitled to an additional $25 per month for any credits in excess of twenty-five that he or she earned after the age of fifty-five. Because the plaintiff retired at only age fifty-seven, however, this theoretically gave him the potential of two additional credits. It appears, however, that the administrator was correct in giving the plaintiff only one additional credit because he received disability benefits from the State of California for a year after he turned fifty-six. Under § 1.32 of the plan, the plaintiff could not accrue credits while receiving state disability benefits or when he was not working as a seaman. Therefore, the administrator's decision, which the trustees affirmed—that only an additional $25 per month was warranted, for a total pension of $400 per month—appears to have been a reasonable one. Also, the plan does not indicate that a disability pensioner with more than twenty credits shall be treated as if he had attained age sixty-five. Consequently, contrary to his averment, the plaintiff was ineligible for the lump-sum payment under § 3.20(F) of $4,250. Because both the administrator's and the trustees' interpretation of the pension plan appeared to be reasonable—

rather than arbitrary and capricious—the motion justice did not err in granting summary judgment in favor of the defendant.

For these reasons, we conclude, the defendant was entitled to judgment as a matter of law. Therefore, we deny the plaintiff's appeal and affirm the summary judgment in favor of the defendant.