March 22, 2019

**Supreme Court**

No. 2015-58-M.P.
No. 2016-73-Appeal.
(KC 12-1126)

Richard P. Sullivan      :

v.      :

Coventry Municipal Employees'      :
 Retirement Plan et al.

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2015-58-M.P.
No. 2016-73-Appeal.
(KC 12-1126)

Richard P. Sullivan          :

v.          :

Coventry Municipal Employees'          :
Retirement Plan et al.

Present:  Suttell, C.J., Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The plaintiff, Richard P. Sullivan (plaintiff), appeals from a final judgment in favor of the defendants following a Kent County Superior Court hearing justice's grant of the defendants' motion to dismiss for lack of subject-matter jurisdiction and the hearing justice's alternative grant of summary judgment in favor of the defendants.  On appeal, the plaintiff argues that the hearing justice erred in determining that the court lacked subject-matter jurisdiction over his claim, and he further contends that the hearing justice erred in alternatively granting the defendants' motion for summary judgment.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court regarding its lack of subject-matter jurisdiction.  Furthermore, we reinstate and grant the plaintiff's previously-denied petition for writ of certiorari (No. 2015-58-M.P.), consolidate that matter with the present appeal (No. 2016-73-Appeal.), and affirm the decision of the plan administrator denying the plaintiff pension benefits.

**I**

**Facts and Travel**

This matter arises from a dispute regarding plaintiff's request for and defendants' subsequent denial of pension benefits.  The relevant facts are as follows.  From February 1986

- 1 -

through December 2008, plaintiff held a variety of part-time positions with the Town of Coventry (the town), including probate judge, assistant solicitor, town moderator, and town manager. Over that time, three different plans governing the town employees' rights to pension benefits were in effect: (1) the 1977 Annuity Plan; (2) the 1997 Plan restatement; and (3) the 2008 Plan restatement (collectively, the plan). In June 2011, after his employment with the town had ended, plaintiff submitted a request for a pension from the town. After the plan administrator—an entity comprised of members of the Coventry Town Council (the plan administrator)—apparently delayed in responding to plaintiff's pension request, plaintiff, on October 4, 2012, filed a complaint for breach of contract as well as seeking a declaratory judgment against the defendant, Coventry Municipal Employees' Retirement Plan, in Kent County Superior Court. The plaintiff filed an amended complaint five days later that added the town's finance director as a defendant. On February 26, 2013, plaintiff filed his second amended complaint, naming as additional defendants individuals in their capacities as members of the town council sitting as the plan administrator, along with the original defendants (collectively, defendants).[1] The plaintiff's second amended complaint alleged one count for breach of contract, for which he sought specific performance and damages, and one count seeking a declaration of the parties' rights, status, and obligations under the plan.

In December 2013, defendants moved to dismiss plaintiff's second amended complaint for lack of subject-matter jurisdiction. At a hearing on the motion, the hearing justice opined that review of a quasi-judicial hearing and action by a town council is properly made by way of a

---

[1] Specifically, plaintiff, in his second amended complaint, named the following individuals as defendants: Ted Przybyla, as finance director/treasurer of the town; and Gary P. Cote, Karen M. Carlson, Kerry L. McGee, Gregory Laboissonniere, and Thaddeus Jendzejec, as town council members acting as the plan administrator. We note that, because time has passed, several individuals have left those positions, and their successors have been substituted as defendants.

petition for writ of certiorari to the Supreme Court, but she explained that "it is unclear from the record whether or not the plaintiff was given a hearing with respect to the application for benefits." Accordingly, the hearing justice determined that plaintiff was entitled to due process before his pension claim could be addressed in court, and she denied defendants' motion to dismiss.[2]

The defendants moved for summary judgment on November 6, 2014. The next month, the hearing justice reserved decision on that motion and remanded the case to the town council for a hearing on plaintiff's pension application. The hearing justice further ordered that "[t]he matter must be heard and decided by the Town Council within sixty (60) days, up to and including February 6, 2015[,]" noting that the "case remains pending in the Superior Court and this Superior Court retains jurisdiction[.]" The hearing justice also scheduled a status conference for February 26, 2015. On January 15, 2015, the plan administrator conducted a hearing during which it heard testimony and received evidence pertaining to plaintiff's request for a pension under the plan. On January 31, 2015, after considering the documentary evidence and testimony and interpreting the terms of the plan, the plan administrator voted unanimously "to deny Mr. Sullivan's request for pension benefits and directed the Town solicitor to draft a written decision in support of its denial."

Thereafter, plaintiff petitioned this Court to issue a common law writ of certiorari to review the plan administrator's decision to deny his request for pension benefits. We denied plaintiff's petition "without prejudice, however, to the petitioner's right to prosecute his Superior

---

[2] Aside from the denial of defendants' motion to dismiss, the other pertinent motions and hearings were heard and conducted by the same Superior Court justice.

Court action against the respondents * * * to a conclusion."[3]  After the parties returned to Superior Court for reconsideration of plaintiff's original prayers, defendants filed a motion: (1) to dismiss for lack of subject-matter jurisdiction; (2) for summary judgment as to all counts of plaintiff's complaint; or (3) to affirm the plan administrator's decision on the administrative record and without trial.

In a written decision, the hearing justice determined that the Superior Court lacked subject-matter jurisdiction over plaintiff's claims, reasoning that the proper recourse rests in this Court.  The hearing justice went on, however, to decide that, even if the Superior Court had subject-matter jurisdiction over plaintiff's claims, the municipal defendants were entitled to summary judgment because the plan administrator's decision was not arbitrary and capricious.  Judgment entered on February 10, 2016, dismissing the action for lack of subject-matter jurisdiction.  Additionally, the judgment provides that, "[a]ssuming that the Superior Court had subject-matter jurisdiction, because plaintiff failed to establish any genuine issues of material fact relating to the validity of the decision of the Town Council, defendants are awarded judgment as a matter of law as to plaintiff's second amended complaint."  The plaintiff timely appealed to this Court.[4]

---

[3] Importantly, pursuant to Article I, Rule 13(e) of the Supreme Court Rules of Appellate Procedure, "[a] denial of a petition, without more, is not an adjudication on the merits and has no precedential effect, and such action is to be taken as being without prejudice to a further application to this Court or any court for the relief sought."  Therefore, we wish to make clear that our denial of plaintiff's petition for certiorari was in no way intended to convey our belief one way or the other regarding the Superior Court's jurisdiction over the matter.

[4] The plaintiff filed his notice of appeal on February 9, 2016.  As we have previously held, "in cases in which an appeal has been prematurely filed, [we] will 'treat the appeal as if it had been timely filed after judgment was entered.'" *Arnold Road Realty Associates, LLC v. Tiogue Fire District*, 873 A.2d 119, 125 n.4 (R.I. 2005) (quoting *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631 n.9 (R.I. 2003)).

On appeal, plaintiff contends that the hearing justice erred in granting defendants' motion to dismiss because G.L. 1956 § 8-2-13 confers jurisdiction on the Superior Court over his claims for breach of contract and specific performance, and G.L. 1956 §§ 9-30-1 and 9-30-2 confer jurisdiction upon the court over the declaratory-judgment claim. The plaintiff cites to our decision in *Retirement Board of Employees' Retirement System of City of Providence v. Corrente*, 111 A.3d 301 (R.I. 2015), to support his position. Moreover, plaintiff argues that the hearing justice erred in alternatively granting defendants' motion for summary judgment; according to plaintiff, the hearing justice employed an improper standard of review.

To the contrary, defendants take the position that the hearing justice properly determined that the Superior Court lacks subject-matter jurisdiction over this matter because the plan administrator operates in a quasi-judicial capacity in deciding matters involving pension-benefit eligibility. Therefore, defendants argue, the proper avenue of review of those decisions is through a writ of certiorari to this Court. Moreover, defendants contend that, even if the Superior Court did have subject-matter jurisdiction to review the plan administrator's decision denying pension benefits, that decision was not arbitrary and capricious, and as such the hearing justice did not err in alternatively granting summary judgment in favor of defendants.

## II

## Motion to Dismiss for Lack of Subject-Matter Jurisdiction

## A

## Standard of Review

"We have previously held that 'a challenge to subject-matter jurisdiction questions the very power of the court to hear the case.'" *Corrente*, 111 A.3d at 305 (brackets omitted) (quoting *In re New England Gas Co.*, 842 A.2d 545, 553 (R.I. 2004)). "Subject-matter jurisdiction 'may

not be waived by any party and may be raised at any time in the proceedings.'" *Id.* (quoting *In re New England Gas Co.*, 842 A.2d at 553). "We review '*de novo* whether a court has subject-matter jurisdiction over a particular controversy.'" *Id.* (quoting *In re New England Gas Co.*, 842 A.2d at 553).

**B**

**Discussion**

The first issue before this Court is whether the Superior Court had subject-matter jurisdiction to consider what is essentially plaintiff's appeal of the plan administrator's decision denying his request for pension benefits. Our focus is whether a party must seek review of a town council's quasi-judicial act through this Court by way of a writ of certiorari, or whether it may be reviewed under the general jurisdiction or declaratory-judgment jurisdiction of the Superior Court.

As we have routinely explained, "the Superior Court 'is a court of general equitable jurisdiction; although its jurisdiction is not limitless, the Superior Court possesses, as a matter of fundamental judicial power, the jurisdiction to hear and confront the merits of any case wherein the power of determination has not been specifically conferred upon another tribunal.'" *Corrente*, 111 A.3d at 306 (deletion omitted) (quoting *La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights*, 419 A.2d 274, 279 (R.I. 1980)).

Consequently, plaintiff endeavors to classify his case as an action in equity, which he argues would allow him to shield his claim from dismissal for lack of subject-matter jurisdiction. We disagree with plaintiff's characterization of his claims and with his assertion that the above-discussed statutes provide the Superior Court with subject-matter jurisdiction. The plaintiff's underlying claims, when originally filed in Superior Court in 2012, sought specific performance

for payments to him under the plan and a declaration as to the parties' rights and obligations under the plan. However, after the plan administrator denied plaintiff pension benefits, and after we denied plaintiff's petition for certiorari, plaintiff's claim in Superior Court was essentially an appeal of the plan administrator's decision.

Accordingly, plaintiff is now seeking review of the plan administrator's decision, made in its quasi-judicial role. We have clearly explained that "the proper procedure to gain review of a quasi-judicial action of a town council, except where a right of appeal is specifically provided by statute, is by a writ of certiorari to this [C]ourt." *Eastern Scrap Services, Inc. v. Harty*, 115 R.I. 260, 262, 341 A.2d 718, 719 (1975). Pursuant to the plan, the plan administrator's

> "discretionary authority includes, but is not limited to, the authority to make any and all factual determinations and interpret all terms and provisions of the [p]lan documents relevant to the issue under consideration. The exercise of authority will be binding upon all persons; will be given deference in all courts of law to the greatest extent allowed under law; and will not be overturned or set aside by any court of law unless found to be arbitrary and capricious or made in bad faith."

Armed with the discretion to make any and all factual determinations and to interpret the terms of the plan, we opine that it is indisputable that the plan administrator was acting in a quasi-judicial fashion when it made a determination concerning plaintiff's eligibility for pension benefits. *See Ims v. Town of Portsmouth*, 32 A.3d 914, 929 (R.I. 2011) (explaining that "the term 'quasi-judicial' suggests that an administrative body will be making a determination that will have an impact on a party's rights, that it will conduct a hearing, consider evidence, and reach a decision relative to the issues raised in the complaint").

In determining that the proper avenue for entertaining such an appeal is by way of a writ of certiorari, the hearing justice in the present case cited to *Scolardi v. City of Providence*, 751 A.2d 754 (R.I. 2000). In *Scolardi*, the retirement board for the City of Providence approved an

accidental disability retirement pension for the plaintiff. *Scolardi*, 751 A.2d at 754. The next day, the city solicitor drafted a letter to the city controller asserting that the evidence did not support the board's decision and further prohibiting the approval of benefits for the plaintiff. *Id.* at 754-55. Thereafter, when the plaintiff was not paid pursuant to the board's decision, he filed a complaint in Superior Court seeking declaratory and injunctive relief and a writ of mandamus requiring the city to begin payments. *Id.* at 755. Upon review, the trial justice determined that the plaintiff was not entitled to benefits; the plaintiff appealed. *Id.* This Court held on appeal that "[t]he trial justice was without authority to conduct the *de novo* review" of the board's decision. *Id.* at 756. The Court further explained that "[i]n the absence of specific statutory delineation of a particular forum for relief, a party must resort to this Court by way of common law certiorari." *Id.*

It is further our opinion that plaintiff's reliance on *Corrente* is misplaced. Unlike the case now before us, in *Corrente*, a statute did delineate a particular forum of relief other than by way of common law certiorari. *Corrente*, 111 A.3d at 305. There, while the matter was pending before this Court, the General Assembly adopted G.L. 1956 § 36-10.1-5, which granted the Superior Court subject-matter jurisdiction to review dishonorable-service-based pension-revocation cases. *Id.* This Court held that the Superior Court, while it did not have jurisdiction when the case was first adjudicated in that court, had been vested with subject-matter jurisdiction under the newly-enacted statute, and therefore the court had the power to review the retirement board's decision. *Id.* at 309.

As was the case in *Corrente*, however, we wish to make clear that "[w]e do not deny that the Superior Court has previously adjudicated municipal pension disputes pursuant to its equity jurisdiction; however, we are unaware of any such case that was not brought by an aggrieved

plaintiff seeking a traditional equitable remedy or declaratory relief." *Corrente*, 111 A.3d at 307; s*ee also Trice v. City of Cranston*, 110 R.I. 724, 725-26, 297 A.2d 649, 650 (1972) (declaratory-judgment action brought by city firefighters regarding their entitlement to reduction in eligibility time required for longevity pensions); *Marro v. General Treasurer of City of Cranston*, 108 R.I. 192, 193, 273 A.2d 660, 661 (1971) (petition for writ of mandamus brought by a city police lieutenant regarding the amount of his pension following involuntary retirement); *Beebe v. Fitzgerald*, 106 R.I. 650, 651-52, 262 A.2d 625, 626 (1970) (city police officer challenging the amount of his pension award following retirement pursuant to statutory scheme).

In each of the above-cited cases, the plaintiffs were essentially asking for an adjustment of benefits that the respective board had already approved. Here, however, plaintiff asks this Court to make a determination about his overall entitlement to benefits. As we clarified in *Corrente*, "it was not the classification of 'municipal pension disputes' that vested the Superior Court with jurisdiction in these cases. Rather, these were cases brought by plaintiffs seeking known equitable remedies; the actions merely happened to have in common that each dispute involved an employee's rights regarding his or her pension benefits." *Corrente*, 111 A.3d at 307. Accordingly, we find these cases to be both factually and procedurally distinguishable from the case at bar.

For these reasons, we affirm the judgment of the hearing justice granting defendants' motion to dismiss for lack of subject-matter jurisdiction. Because we hold that the hearing justice lacked subject-matter jurisdiction to decide the case in Superior Court, we will not review the hearing justice's decision on defendants' alternative motion for summary judgment.

## III

## Review on Certiorari of the Plan Administrator's Decision

Pursuant to what we indicated at oral argument, we now reinstate and grant plaintiff's original petition for a writ of certiorari—originally denied without prejudice by this Court on June 12, 2015—and proceed to review the plan administrator's decision denying plaintiff pension benefits.[5]

## A

## Standard of Review

This Court "review[s] a pension administrator's interpretation of a pension plan that is governed by federal law under an arbitrary-and-capricious standard—provided the plan accords the administrator discretionary authority to determine benefit-related questions; if not, the court should apply a *de novo* standard of review."[6] *Goncalves v. NMU Pension Trust*, 818 A.2d 678, 682 (R.I. 2003) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)); *see Canario v. Culhane*, 752 A.2d 476, 479 (R.I. 2000) (holding that the Superior Court correctly

---

[5] On January 29, 2019, after hearing oral arguments, we issued an order directing "that both parties submit, within twenty (20) days, any further documents or exhibits presented to the plan administrator of the defendant Coventry Municipal Employees' Retirement Plan, other than those already submitted to us, that the parties believe would be helpful in our analysis in the event we choose to treat this matter as a petition for certiorari to review the plan administrator's decision." Neither party submitted further documentation for our review. Moreover, plaintiff replied to the order stating that his attorney had reviewed, "with the cooperation of the Coventry Town Clerk * * * all of the exhibits presented to the [p]lan [a]dministrator." Therefore, plaintiff stated his belief "that all helpful exhibits have been previously submitted to the Court." Accordingly, we are satisfied that the Court possessed all necessary documents to review the plan administrator's decision and we proceed to do so in the interest of expediency, without issuing formal notice.

[6] There is no dispute that the plan is governed by federal law. The plan provides that "[i]t is intended that the plan, as restated, shall continue to qualify as a governmental defined benefit plan under the Internal Revenue Code of 1986[.]" Moreover, "[t]he validity of the plan or any of its provisions is determined under and construed according to Federal Law[.]"

applied an arbitrary-and-capricious standard of review to an administrator's denial of a disability pension to a police officer). "If a plan grants discretionary authority for a plan administrator to interpret the terms of the plan and to apply them to specific cases, then the administrator's powers include the ability to make appropriate factual findings." *Id.* at 682.

**B**

**Discussion**

We begin by determining whether the plan administrator's actions were within its authority under the plan. The plan provides, in pertinent part:

> "Subject to the provisions of this article, the Plan Administrator has complete control of the administration of the Plan. The Plan Administrator has all the powers necessary for it to properly carry out its administrative duties. Not in limitation, but in amplification of the foregoing, the Plan Administrator has complete discretion to construe or interpret the provisions of the Plan, including ambiguous provisions, if any, and to determine all questions that may arise under the Plan, including all questions relating to the eligibility of Employees to participate in the Plan * * *. The Plan Administrator's decisions upon all matters within the scope of its authority shall be final."

It is clear, then, that the language of the plan specifically provides that the plan administrator has the authority to interpret and make decisions concerning the plan, to the extent allowed by law. Therefore, we next consider whether the plan administrator's interpretation of the plan was arbitrary and capricious.

The plaintiff argues that the plan administrator's decision was arbitrary and capricious because it was not supported by substantial evidence and because the plan administrator failed to apply the plain and ordinary meaning of the plan's terms. Moreover, plaintiff avers that the plan administrator exhibited bias and bad faith in the discussions among the members on the record. The plaintiff points out that the plan administrator's decision repeatedly refers to the fact that "no

probate judge, assistant probate judge, assistant solicitor, or town manager has previously requested a pension under the [P]lan"; plaintiff avers that this is not evidence on which a rational decision can be made. The plaintiff highlights that there was no evidence before the plan administrator to show that any other town employee had served the town for over twenty-two years, as did plaintiff. Additionally, plaintiff argues that he was classified as an administrative employee during his tenure with the town and therefore qualified for pension benefits. The plaintiff relies on a 2008 letter from a legal consultant, who opined that town solicitors and assistant town solicitors were qualified to participate in the plan. Finally, plaintiff alleges that "[h]e received a regular paycheck, with federal payroll tax, social security and Medicare deductions, like any other employee of the town, with a W-2 tax form annually" and that other part-time employees received pension benefits.

The defendants contend, however, that the plan administrator's decision was rational, logical, and supported by substantial evidence. The defendants highlight that the plan administrator considered several of the above-discussed factors in reaching its conclusion. Furthermore, they argue that plaintiff "mistakenly assumed that the [legal consultant's] opinion was dispositive of his claim to pension benefits" when, in fact, the plan administrator has the broad discretionary power to interpret the plan and pension-benefit eligibility thereunder. The defendants also aver that plaintiff's contention that the plan administrator erred when it neglected to strictly construe the ambiguous term "administrative employee" against the drafter is without merit because the plan specifically vests the plan administrator with the discretion to construe and interpret the plan's terms.

The plan administrator's decision begins by listing a brief chronology of plaintiff's work history with the town, indicating that plaintiff "served the Town in multiple, sometimes

overlapping, capacities during the course of his 22-year tenure with the Town." The decision further acknowledges that "there were different pension plans in effect at different points in time during his tenure." The decision cites our opinion in *JMC, LLC v. Town of Cumberland Zoning Board of Review*, 889 A.2d 169 (R.I. 2005), and notes that the plan administrator "was cognizant of the Rhode Island Supreme Court's teaching that a 'municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the actions taken' and that 'factual findings cannot be merely conclusional, and the application of the legal principles must be something more than the recital of a litany[.]'" (Quoting *JMC, LLC*, 889 A.2d at 176-77.)

Additionally, the decision provides that, "[t]o the plan administrator's knowledge, [plaintiff's] request raises an issue of first impression under the Plan[.]" The plan administrator's decision considers the language of the 1997 and 2008 restatements, which establish the definitions of an "eligible employee," and analyzes whether plaintiff qualified as such. Further, the decision notes that "it was the plan administrator's informed judgment, and was found as fact, that [plaintiff] was * * * not a participant under the 1977 Plan because the positions of probate judge, assistant probate judge, and assistant solicitor have never been * * * positions the holders of which were eligible to participate in the Plan." The decision explains that the plan administrator relied on the historical context of the town to determine that plaintiff's positions were never understood to qualify him as a municipal employee. Notably, the plan administrator did recognize that "in the abstract and ignoring any historical context, the term '[m]unicipal employee' could be interpreted as including the probate judge, acting probate judge, and assistant solicitor."

Moreover, the decision considers the testimony adduced at the hearing. The decision refers to the then town manager's testimony that the "Town records reveal[ed] that no assistant town solicitor, town solicitor, municipal court judge, or probate judge has ever participated in or applied for a pension." The decision also refers to the deposition testimony of Cheryl Wilcox, who held the position of secretary to the town manager since 2002, throughout the tenure of five different town managers. The decision explains that Ms. Wilcox testified that she was the clerical "point person" for the plan and that plaintiff "was not on the running Plan-participation list which identifies every Town employee who is eligible for a pension and to which new Town employees are added when they are hired." Finally, the decision relies on Ms. Wilcox's testimony that plaintiff was not on that list when she began her service as secretary.

Additionally, the plan administrator's decision considers plaintiff's own testimony. Specifically, the decision refers to plaintiff's statements where he testified: "I never knew we had a pension until I saw [the legal opinion] letter" sometime after October 2008. He also testified: "I never thought we were eligible." Moreover, plaintiff testified that he did not contribute to the pension from February 1986 through December 2008 because he "had no idea there was a pension involved."

The decision also relies on what the plan administrator deemed "the negative implications of certain actions of the Town Council." In its decision, the plan administrator explains that the plan had been underfunded for a number of years and one reason may have been a lack of required employee contributions. Moreover, the decision explains that, beginning in the mid-1990s, certain union-member employees were required to contribute to their pension, but administrative employees were not. Then, in 2007, the town council adopted a resolution providing that full-time, permanent employees hired after 2007 would be required to contribute a

certain part of their gross wages toward the cost of the plan. Based on the town council's adoption of this resolution, along with a 2010 resolution with additional new requirements requiring contributions by employees, the decision reasons that "if the persons holding the positions of probate judge, acting probate judge, or assistant solicitor participated in the Plan, one would have expected that those persons would also have been required to contribute since the obvious purpose of the resolutions was to increase Plan contributions."

The decision goes on to explain that the positions of probate judge, acting probate judge, and assistant solicitor are not full-time positions. In reaching that conclusion, the decision notes the limited number of days per month devoted to the position of probate judge, the lack of minimum-hour requirements for the assistant solicitor position, and plaintiff's ability to continue to privately practice law in addition to performing his duties as assistant solicitor.[7] For these reasons, the decision concludes that the exclusion of these positions from contribution requirements of the plan "was neither oversight nor special indulgence, but was rather an indication that the probate judge, acting probate judge, and assistant solicitors were not considered as participants under the Plan and thus need not have been taken into account."

Finally, the decision addresses plaintiff's post-hearing arguments. First, the decision discusses the letter from the legal consultant. In that letter, the legal consultant opined that it appeared that the town solicitor and the assistant town solicitors would qualify to participate in the plan because, he believed, they were "eligible employees" under the plan. The decision explains that the plan administrator did consider the legal consultant's letter, "but was ultimately unpersuaded by the rationale presented in the * * * opinion, which was essentially that the

---

[7] The plan administrator did not go into detail regarding plaintiff's brief tenure as town manager because plaintiff did not serve in the position long enough to have earned any pension benefits, regardless of the interpretation of the plans.

Town's Charter does indicate indirectly who are the Town's Administrative Employees who fall within the definition of 'Eligible Employee' who are the Active Participants of the Plan." (Internal quotation marks omitted.)

The decision then addresses and dismisses plaintiff's argument that the plan administrator must strictly construe the ambiguity in the phrase "administrative employee" against the drafter. The plan administrator reviewed the caselaw plaintiff cited and found it to be irrelevant. Moreover, the plan administrator "determined that it would be a breach of its fiduciary duties for it to blithely determine that because the phrase 'administrative employee' is undefined and ambiguous that it must be interpreted—by the virtue of its ambiguity—to provide [plaintiff] with a pension." Finally, the decision finds as fact that the positions described as "administrative employees" under the plan differ from those held by plaintiff because those positions require full-time commitments to the town. Moreover, the decision notes that "unlike 'administrative employees,' probate judges, acting probate judges and assistant solicitors do not have set working hours, do not participate in any Town-provided health coverage, do not get holiday pay or overtime, and do not have vacation, sick or any other leave."

"Use of the arbitrary and capricious standard means that reviewing courts will uphold administrative decisions interpreting the plan as long as the administrative interpreters have acted within their authority to make such decisions and their decisions were rational, logical, and supported by substantial evidence." *Goncalves*, 818 A.2d at 682-83. "Substantial evidence means evidence *reasonably* sufficient to support a conclusion." *Id.* at 683 (emphasis in original) (deletion omitted) (quoting *Doyle v. Paul Revere Life Insurance Co.*, 144 F.3d 181, 185 (1st Cir. 1998)). "If a plan vests discretion in an administrator, then 'it is up to the administrator, not judges, to choose between reasonable alternatives.'" *Id.* (quoting *Coleman v. Metropolitan Life*

*Insurance Co.*, 919 F. Supp. 573, 582 (D.R.I. 1996)). "In deciding whether an administrator's interpretation of a plan was reasonable, it is irrelevant whether a reviewing court agrees with the administrator's interpretation or whether an employee offers another reasonable interpretation." *Id.* When reviewing a plan administrator's decision, this Court "neither should substitute its own judgment for that of the administrator, nor disturb an administrator's interpretation of a plan so long as it was reasonable." *Id.* "The administrators' determination need only be 'rational' and 'reasonable with no abuse of discretion.'" *Id.* (quoting *Coleman*, 919 F. Supp. at 581).

In *Goncalves*, we recognized the following principles:

> "The touchstone of arbitrary and capricious conduct is unreasonableness. When reviewing a determination under the arbitrary and capricious standard, the court's inquiry is not into whose interpretation of plan documents is most persuasive, but into whether the plan administrator's interpretation is unreasonable. Further, when reviewing a decision made under the arbitrary and capricious standard, the court's role is limited to determining whether determinations were made rationally and in good faith— not whether they were right. A legally incorrect interpretation does not automatically signal an abuse of discretion. The administrator's decision need not be the only logical one nor even the best one. It need only be sufficiently supported by facts within their knowledge to counter a claim that it was arbitrary and capricious." *Goncalves*, 818 A.2d at 683 n.3 (quoting John F. Buckley, *ERISA Law Answer Book*, Q21:31 at 21-32-33 (4th ed. 2003)) (internal citations omitted).

In light of the above-quoted language and our application of the arbitrary and capricious standard, we uphold the plan administrator's decision. After a careful review of the record, we are unable to find anything that would rise to the level of being arbitrary and capricious. While the plaintiff set forth strong arguments in support of his contention that he was entitled to benefits under the plan, we cannot say that the plan administrator's decision denying the plaintiff pension benefits was unreasonable, irrational, or not made in good faith. Rather, we hold that the plan administrator's decision was sufficiently supported by testimonial and other evidence and

that it reached a reasonable conclusion. Accordingly, we affirm the plan administrator's decision.

**IV**

**Conclusion**

For the reasons stated herein, we affirm the judgment of the Superior Court dismissing plaintiff's complaint for lack of subject-matter jurisdiction and remand the papers to that tribunal. Moreover, upon reinstating the plaintiff's petition for certiorari, we affirm the decision of the plan administrator denying the plaintiff pension benefits under the Coventry Municipal Employees' Retirement Plan.

Justices Goldberg and Flaherty did not participate.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPREME COURT – CLERK'S OFFICE

OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Richard P. Sullivan v. Coventry Municipal Employees' Retirement Plan et al. |
| **Case Number** | No. 2015-58-M.P.<br>No. 2016-73-Appeal.<br>(KC 12-1126) |
| **Date Opinion Filed** | March 22, 2019 |
| **Justices** | Suttell, C.J., Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Bennett R. Gallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Robert D. Goldberg, Esq.<br><br>For Defendants:<br><br>Vincent F. Ragosta, Jr., Esq.<br>Nicholas Gorham, Esq.<br>D. Peter DeSimone, Esq.<br>Marc DiSisto, Esq. |